IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

PENELOPE KEEL, individually,
and in her capacity as Natural
Mother, Guardian and Next Friend
of IESHA KEEL, a minor,

        Plaintiffs,

v.                                                            Civil Action No. 11-C-231

STONEBRIDGE LIFE INSURANCE COMPANY,
Survivor of J. C. PENNEY LIFE INSURANCE
COMPANY,

        Defendant.



## COMPLAINT

Come now, plaintiffs, Penelope Keel and Iesha Keel, and for their Complaint against the above named defendant, state as follows:

### Count I

1. Plaintiffs Penelope Keel and Iesha Keel are, and at all times relevant herein were, citizens of the State of West Virginia.

2. Defendant, Stonebridge Life Insurance Company, survivor and/or successor of J. C. Penney Life Insurance Company, (hereinafter "Stonebridge"), was at all times mentioned herein an insurance company, authorized to engage in the insurance business in the State of West Virginia and which did transact business in the

State of West Virginia, including Kanawha County, West Virginia. Stonebridge is incorporated in Vermont with its principal place of business in Cedar Rapids, Iowa.

3. Plaintiffs are covered persons and beneficiaries under an accidental death and dismemberment policy of insurance (believed to be Policy No. 25491 GC346) issued to its insured Larry Keel by the defendant Stonebridge Life Insurance Company's predecessor in interest, J. C. Penney Life Insurance Company.

4. Iesha Keel, a minor, is the daughter of Penelope Keel and Larry Keel, and she is a covered person and beneficiary under the policy.

5. The policy provides that should the insured suffer an accidental death or dismemberment, the defendant will pay to the beneficiary(ies) certain benefits, including a principal sum of $25,000.00, all as contained in the policy of insurance believed to be Policy No. 25491 GC346.

6. On or about June 25, 2009, Larry Keel, who was a resident and citizen of Indiana, died as the result of an accident that was covered by the policy of insurance.

7. Plaintiffs, as known covered persons and beneficiaries, made a proper claim for said coverage. But defendant Stonebridge, instead of honoring the policy and paying the claim, refused to pay plaintiffs the benefits provided for under the policy, raising inapplicable exclusions, and thereby breaching the terms and provisions of said policy.

8. The defendants owe your plaintiffs any and all sums payable thereunder and interest on said sums from the due date of June 25, 2009, until collected, as well as

any incidental and consequential damages, including damages for annoyance and inconvenience.

WHEREFORE, plaintiffs demand judgment against defendants and each of them for compensatory damages, pre-trial interest on said damages, incidental and consequential damages, including damages for annoyance and inconvenience, attorney fees and costs, post trial interest, a trial by jury, and for such other further and general relief as the Court deems just and proper.

## Count II

For Count II of their Complaint, plaintiffs re-allege the above the same as if fully set forth below, and plaintiffs further complain as follows:

9. Defendant maliciously, intentionally, and deliberately set about to and did wrongfully and unlawfully deny your plaintiffs' claim for insurance benefits.

10. The acts and omissions of defendants in refusing to pay and settle plaintiffs' claim was intentional, deliberate, malicious, fraudulent, and in bad faith.

11. As a proximate cause of the intentional, malicious, and bad faith misconduct as alleged above, your plaintiffs were caused to suffer emotional distress, aggravation, and annoyance and inconvenience, and were otherwise damaged by defendant's failure to promptly pay your plaintiffs the money for which this policy provided, including incurring attorney fees and the costs of litigating this case.

12. The acts and conduct of defendants were intentional, deliberate, and with actual malice such that plaintiffs are entitled to an award of punitive damages.

3

WHEREFORE, plaintiffs demand judgment against defendants and each of them for the aforesaid compensatory damages, incidental and consequential damages, punitive damages, pre and post trial interest, a trial by jury, and such other further and general relief as the Court deems just and proper.

PENELOPE KEEL AND
IESHA KEEL,

By Counsel

*Richard A. Monahan* (signature)

Richard A. Monahan
West Virginia State Bar No. 6489
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiffs
F:\5\793\p001.doc

# SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

PENELOPE KEEL, individually,
and in her capacity as Natural
Mother, Guardian and next friend
of IESHA KEEL, an infant,

        Plaintiffs,

v.                                    Civil Action No. 11-C-231
                                  Honorable King

STONEBRIDGE LIFE                 Secretary of State
INSURANCE COMPANY, Survivor       **Stonebridge Life Insurance Company**
of J. C. PENNEY LIFE INSURANCE COMPANY,   **AGENT: CRAIG VERMIE**
                                                **4333 Edgewood Road, NE**
        Defendant.                        **Cedar Rapids, IA 52499**

**To the above-named Defendant: STONEBRIDGE LIFE INSURANCE COMPANY**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiffs' attorneys, <u>Marvin W. Masters and Richard A. Monahan</u>, whose respective addresses are <u>The Masters Law Firm, 181 Summers Street, Charleston, West Virginia, 25301</u>, and an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer to the Complaint within <u>30</u> days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action.

Dated: Feb 10, 2011         Clerk of Court: _[signature]_

                                      By: Nancy _[signature]_

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 4100 88

RECEIVED BY
MAR 1 1 2011
CORP LAW DEPT



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

**Rec'd by C VERMIE**

**MAR 1 4 2011**

File: _____
Route to: _____
CC: _____

Stonebridge Life Insurance Company
Craig Vermie
4333 Edgewood Road, NE
Cedar Rapids IA 52499

| | |
|---|---|
| ControlNumber: | 310303 |
| Defendant: | Stonebridge Life Insurance Company |
| County: | 20 |
| | 3/8/2011 |
| Civil Action: | 11-C-231 |

I am enclosing:

| | | |
|---|---|---|
| ___ summons | ___ affidavit | _1_ summons and complaint |
| ___ notice | ___ answer | ___ summons and verified complaint |
| ___ order | ___ cross-claim | ___ summons and amended complaint |
| ___ petition | ___ counterclaim | ___ 3rd party summons and complaint |
| ___ motion | ___ request | ___ notice of materialmans lien |
| ___ suggestions | ___ notice to redeem | ___ notice of mechanic's lien |
| _1_ interrogatories | _1_ request for production | ___ notice of uim claim |
| ___ discovery | ___ request for admissions | ___ subpoena duces tecum |
| ___ suggestee execution | ___ re-issue of uim claim | ___ Other |
| ___ subpoena | ___ writ | |
| ___ stipulation | ___ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State